UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MT. OLIVE MISSIONARY<br>BAPTIST CHURCH,<br><br>    *Plaintiff*,<br><br>v.<br><br>UNDERWRITERS AT LLOYD'S,<br>LONDON, *et. al.*,<br><br>    *Defendants*. | §<br>§<br>§<br>§<br>§<br>§   CIVIL ACTION H-16-234<br>§<br>§<br>§<br>§<br>§ |

**MEMORANDUM OPINION AND ORDER**

Pending before the court are plaintiff's motion to remand (Dkt. 8), defendant's motion for partial dismissal (Dkt. 7), and defendant's motion for leave to file a second amended answer and counterclaim (Dkt. 17). Having considered the motions, responses, reply, record evidence, and applicable law, the court is of the opinion that plaintiff's motion to remand should be DENIED, defendant's motion for partial dismissal should be GRANTED, and defendant's motion for leave to file a second amended answer and counterclaim should be GRANTED.

**I. BACKGROUND**

Defendants Underwriters at Lloyd's, London ("Underwriters") sold a property insurance policy to plaintiff Mt. Olive Missionary Baptist Church ("Mt. Olive") covering the church property located at 3515 Yellowstone Boulevard, Houston, Texas (the "Church"). Dkt. 1, Ex. 3 at 3. Mt. Olive alleges that, on August 16, 2013, a wind storm caused damage to the Church, including damage to the roof, HVAC, windows, exterior, interior, ceilings, furnishings, and more. *Id*. at 3–4. After the storm, Mt. Olive filed a claim under its insurance policy. *Id*. at 4. Underwriters assigned defendant Gulf Coast Claims Service ("GCCS") as the third party adjusting firm to handle the claim.

*Id*. In turn, Mt. Olive alleges that GCCS assigned Greg Herring ("Herring") to investigate Mt. Olive's insurance claim and conduct an inspection of the Church.[1] *Id*. Mt. Olive alleges, *inter alia*, that Underwriters, GCCS, and Herring (collectively, "Defendants") (i) failed to perform a thorough investigation of the claim, (ii) failed to prepare any estimates reflecting wind damage, and (iii) misrepresented that there was no damage to the Church. *Id*. at 4–5. As a result, Mt. Olive's insurance claim was denied and no payments were issued by Underwriters. *Id*. at 5.

Mt. Olive brought suit in state court against Defendants for violations of the Texas Insurance Code and the Deceptive Trade Practices-Consumer Protection Act ("DTPA"), breach of contract, fraud, and breach of the duty of good faith and fair dealing. Dkt. 8, Ex. 1 at 6–11. On January 27, 2016, Underwriters removed the suit to this court based on diversity jurisdiction, asserting that GCCS, the adjusting company, and Herring, the individual adjuster, had been improperly joined. Dkt. 1. On February 19, 2016, Mt. Olive filed a motion to remand the case to state court, arguing that this court does not have diversity jurisdiction because Underwriters have failed to prove that the nondiverse defendants (GCCS and Herring) have been improperly joined. Dkt. 8. In their response, Underwriters argue that removal was proper because Mt. Olive's complaint fails to plead sufficient facts to support a claim against either GCCS or Herring. Dkt. 11.

## II. LEGAL STANDARD

A defendant may remove an action to federal court if that court would have original jurisdiction over the case. 28 U.S.C. § 1441 (2012). To establish subject-matter jurisdiction based on diversity, complete diversity of citizenship must exist among the parties, and the amount in

---

[1] Underwriters dispute this assertion and have attached evidence allegedly demonstrating that Herring did not conduct the inspection of the Church. The court need not resolve this factual dispute for purposes of ruling on the pending motions.

controversy must exceed $75,000. 28 U.S.C. § 1332. A case may be removed despite the presence of a non-diverse defendant if that defendant was improperly joined, *i.e.*, without a legal basis to do so. *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004). The party seeking removal bears the heavy burden of proving that a party was improperly joined. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). To meet this burden, the party seeking removal must demonstrate that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against the in-state defendant." *McDonald v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005) (citations omitted). This statutory right to removal is strictly construed because "removal jurisdiction raises significant federalism concerns." *Willy*, 855 F.2d at 1164 (citations omitted). Therefore, any doubt about the propriety of removal "must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

To determine that a nondiverse defendant has been improperly joined, the court must find that (1) the plaintiff has fraudulently alleged that a defendant is nondiverse, or (2) the plaintiff has failed to state a claim against the nondiverse defendant. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). In this case, Underwriters assert only the second basis for improper joinder, which asks the court to determine whether Mt. Olive has pled any viable claim against GCCS or Herring. *Id.* In making this determination, a federal court must look to the original state court pleading but apply the federal pleading standard. *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 205 (5th Cir. 2016).

Therefore, Underwriters have the burden of establishing that Mt. Olive has failed to meet the federal pleading standard on every claim asserted against GCCS and Herring. *Willy,* 855 F.2d at 1164; *Gasch*, 491 F.3d at 281. The court may resolve this issue by conducting a Rule 12(b)(6)-type analysis to determine whether the complaint states a claim against a nondiverse defendant.

3

*Smallwood*, 385 F.3d at 573. The Rule 12(b)(6) analysis necessarily requires that a complaint must have contained "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, 127 S. Ct. 1955 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1973 (2009). The court conducts this analysis in two steps. *Id*. at 678–79. First, the court separates legal conclusions from well-pled facts. *Id*. Second, the court reviews the well-pled facts, assumes they are true, and determines whether they "plausibly give rise to an entitlement of relief." *Id*. at 679. Ultimately, "if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 385 F.3d at 573.

In some cases, a court may use its discretion to further pierce the pleadings and conduct a summary judgment-type inquiry to "identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id*. at 573–74. This type of inquiry is appropriate when the plaintiff has stated a claim but has misstated or omitted facts that would determine the propriety of joinder. *Id*. at 773. In this case, Underwriters have presented summary judgment-type evidence that contradicts evidence presented by Mt. Olive. Dkt. 11. However, in this instance, a summary judgment-type inquiry would not be appropriate because the contradicting evidence would not serve to identify discrete and undisputed facts that have been misstated or omitted by the plaintiff. *Smallwood*, 385 F.3d at 573. Therefore, the court's inquiry will center on a Rule 12(b)(6)-type analysis to determine if any of Mt. Olive's claims against the nondiverse defendants has met the federal pleading standard.

4

### III. ANALYSIS

**A. Motion to Remand**

It is undisputed that GCCS and Herring are non-diverse defendants. Dkt. 8, Ex. 1. at 2; Dkt. 11 at 2. The claims asserted against GCCS and Herring include fraud and violations of the Texas Insurance Code and DTPA. Dkt. 8, Ex. 1 at 6–8. Mt. Olive contends that remand is appropriate because the claims against GCCS and Herring destroy the court's subject matter jurisdiction. Dkt. 8 at 14. On the other hand, Underwriters argue that this case should remain in federal court because GCCS and Herring were improperly joined. Dkt. 11. Therefore, the court must determine "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant." *Smallwood*, 385 F.3d at 573. As set forth below, the court finds that Mt. Olive has failed to plead a plausible claim against either GCCS or Herring.

In order to adequately plead a claim against an insurance adjuster, a plaintiff must allege specific actionable conduct and distinguish claims against the adjuster from generic, conclusory, statute-tracking claims against the insurer. *Okenkpu v. Allstate Tex. Lloyd's*, No. CIV.A. H-11-2376, 2012 WL 1038678, at *7 (S.D. Tex. Mar. 27, 2012) (Harmon, J.) (collecting cases). Here, Mt. Olive's allegations against GCCS and Herring consist of a series of conclusory allegations tracking the statutory language of the Texas Insurance Code. Mt. Olive's allegations include the following:

- "Underwriters' chosen adjusters failed to perform a thorough investigation of the claim." Dkt. 1, Ex. 3 at 4.
- "[GCCS] and Herring failed to engage consultants and adjusters to objectively evaluate the damage." *Id*.

- "Herring inspected the Church, but failed to prepare any estimate reflecting wind damages; instead, [GCCS] and Herring represented that there was no damage to the Church. As a result, Mt. Olive's claim was denied" and "[Mt. Olive] was forced to hire its own consultants and representatives [to] prepare its own estimates pointing out obvious damages that they continued to ignore." *Id*. at 5.
- "Underwriters, [GCCS], and Herring performed an inadequate, incomplete, and unreasonable investigation of Mt. Olive's claim." *Id*.

Mt. Olive's obligation to provide the grounds for its entitlement to relief requires more than labels and conclusions. *See Twombly*, 550 U.S. at 555 ("Courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 2944 (1986))). These factual allegations are not pled with enough specificity to distinguish particular facts from legal conclusions. For example, Mt. Olive alleges that GCCS and Herring performed an "inadequate, incomplete, and unreasonable investigation," but this allegation merely states a conclusion without identifying any specific way in which defendants' investigation was "inadequate, incomplete, or unreasonable." *See Johnson v. The Travelers Home & Marine Ins. Co.*, No. CV H-16-449, 2016 WL 4061146, at *1 (S.D. Tex. July 29, 2016) (Miller, J.) (finding allegations that an adjuster performed an "outcome orientated and unreasonable investigation" was insufficient to establish a reasonable basis to predict recovery); *Petree v. Metro. Lloyds Ins. Co. of Tex.*, No. 3:16-CV-0735-G, 2016 WL 3090592, at *4 (N.D. Tex. June 2, 2016) (examining similar allegations that an adjuster "failed to thoroughly investigate the damages" and finding the allegations insufficient to establish a reasonable basis to predict recovery); *Okenkpu*, 2012 WL 1038678, at *7 (finding plaintiff's allegations that the adjuster defendant "conducted substandard inspections" and

"spent an insufficient amount of time inspecting the property" insufficient to establish a reasonable basis to predict recovery).

The remainder of Mt. Olive's allegations against GCCS and Herring merely track the statutory language of sections 541.060(a)(1), 541.060(a)(2)(A), 541.060(a)(3), and 541.060(a)(7) of the Texas Insurance Code without alleging any case-specific facts:

- Section 541.060(a)(1) prohibits "misrepresenting to a claimant a material fact or policy provision relating to coverage at issue." Tex. Ins. Code § 541.060(a)(1). Mt. Olive alleges that Defendants "misrepresented the insurance policy under which it affords property coverage to Mt. Olive by making an untrue statement of material fact." Dkt. 1, Ex. 3 at 7.

- Section 541.060(a)(2)(A) prohibits "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear." Tex. Ins. Code § 541.060(a)(2)(A). Mt. Olive alleges that GCCS and Herring "failed to attempt to effectuate a prompt, fair, and equitable settlement of a claim with respect to which liability has become reasonably clear." Dkt. 1, Ex. 3 at 6.

- Section 541.060(a)(3) prohibits "failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the fact or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim." Tex. Ins. Code § 541.060(a)(3). Mt. Olive alleges that GCCS and Herring "failed to provide promptly a reasonable explanation, in relation to the facts or applicable law, for the denial of a claim." Dkt. 1, Ex. 3 at 6.

- Section 541.060(a)(7) prohibits "refusing to pay a claim without conducting a reasonable investigation with respect to the claim." Tex. Ins. Code § 541.060(a)(7). Mt. Olive alleges

that GCCS and Herring "refused to pay a claim without conducting a reasonable investigation with respect to the claim." Dkt. 1, Ex. 3 at 7.

Mt. Olive's formulaic recitation of the statutory language is insufficient to fulfill its obligation to provide the grounds on which it is entitled to relief. *See Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."). Moreover, Mt. Olive's DTPA claim fails because it relies solely on "Defendants' violations of the Texas Insurance Code." Dkt. 1, Ex. 3 at 10.

Likewise, Mt. Olive fails to allege sufficient facts to support its fraud claim. Mt. Olive merely alleges that GCCS and Herring "misrepresented the insurance policy" by "represent[ing] that there was no damage to the Church" without identifying what was misrepresented, who made the alleged misrepresentation, to whom the misrepresentation was made, or how Mt. Olive relied on the representation. Dkt. 1, Ex. 3 at 4–5, 7. These allegations fall short of the heightened pleading requirements under Federal Rule of Civil Procedure 9(b). *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) (citations and internal quotation marks omitted) (holding that to satisfy Rule 9(b), a plaintiff pleading fraud must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent. Put simply, Rule 9(b) requires the complaint to set forth the who, what, when, where, and how of the events at issue."). Therefore, Mt. Olive has not established a reasonable basis on which to recover on any of its claims against GCCS or Herring. Accordingly, the court finds that GCCS and Herring were improperly joined, and Mt. Olive's claims against GCCS and Herring are DISMISSED WITHOUT PREJUDICE. Because

there is complete diversity between Mt. Olive and Underwriters, Mt. Olive's motion to remand is DENIED.

### B. Underwriters's Motion to Dismiss

Underwriters move for dismissal of Mt. Olive's fraud, DTPA, and Insurance Code claims. Dkt. 7 at 3. Mt. Olive's claims alleging misrepresentation and fraud in violation of the Texas Insurance Code and DTPA are subject to the heightened pleading requirements of Rule 9(b). *See Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368–69 (5th Cir. 2001) (explaining that when claims of fraud are dismissed as insufficiently pled, any statutory claims depending on the same facts must also be dismissed); *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998) (Gilmore, J.) (holding that "[c]laims alleging violations of the Texas Insurance Code and the DTPA and those asserting fraud, fraudulent inducement, fraudulent concealment, and negligent misrepresentation are subject to the requirements of Rule 9(b)"). Therefore, with respect to the claims alleging misrepresentation or fraud in violation of the Texas Insurance Code and DTPA, Mt. Olive was required to plead the "who, what, when, where, and how of the events at issue." *Dorsey*, 540 F.3d ay 339. Although scienter may be alleged generally, "simple allegations that defendants possess fraudulent intent will not satisfy Rule 9(b)." *Id.* (citation and internal quotation marks omitted).

Mt. Olive's claims based on fraud and misrepresentation fall short of this standard. As discussed above, Mt. Olive merely alleges that Underwriters—through GCCS and Herring—"misrepresented the insurance policy" and "represented that there was no damage to the Church." Dkt. 1, Ex. 3 at 4–5, 7. Mt. Olive fails to allege why these statements are false, who exactly made them, when and where the statements were made, or how Mt. Olive relied upon the allegedly false statements. Therefore, as currently pled, Mt. Olive's complaint fails to state a claim

9

for fraud.  Moreover, due to these same deficiencies, Mt. Olive fails to allege sufficient facts to support its misrepresentation claims under the Insurance Code and DTPA.

Further, Mt. Olive's misrepresentation claims under the DTPA and Insurance Code fail because Mt. Olive's alleged damages arise solely from the insurance contract.  Mt. Olive argues that, because of Defendants' misrepresentations and improper handling of the insurance claim, "Mt. Olive has not been fully paid under the policies provided by Underwriters since the event." Dkt. 1, Ex. 3 at 5.  However, Texas law is clear that a tort claim requires conduct that would give rise to liability independent from the contract.  *See Parkans Int'l LLC v. Zurich Ins. Co.*, 299 F.3d 514, 519 (5th Cir. 2002) (citing *Provident Am. Ins. Co. v. Castaneda*, 988 S.W.2d 189, 198–99 (Tex.1998) ("There can be no recovery for extra-contractual damages for mishandling claims unless the complained of actions or omissions caused injury independent of those that would have resulted from a wrongful denial of policy benefits.")); *Quinn v. State Farm Lloyds*, No. 06-CV-00191, 2006 WL 1470188, at *2 (S.D. Tex. May 25, 2006) (Ellison, J.) ("[N]egligence or fraud with regard to the performance of contractual duties, such as claim handing, does not give rise to a separate cause of action under Texas law."); *Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991) ("[I]f the defendant's conduct . . . would give rise to liability only because it breaches the parties' agreement, the plaintiff's claim ordinarily sounds only in contract."); *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986) ("The nature of the injury most often determines which duty or duties are breached.  When the injury is only the economic loss to the subject of a contract itself, the action sounds in contract alone.").  Here, Mt. Olive does not plead any damages independent of Underwriters's alleged failure to pay for the claimed damages.  Accordingly, as currently pled, Mt. Olive's claims for fraud and misrepresentation under the Insurance Code and DTPA are

DISMISSED WITHOUT PREJUDICE. Mt. Olive is GRANTED leave to amend its complaint within thirty days of the date of this order.[2]

### C. Underwriters's Motion for Leave

Underwriters filed a motion for leave to file their second amended answer to Mt. Olive's complaint and original counterclaim. Dkt. 17. Because Mt. Olive has not filed a response, the court will treat the motion as unopposed. *See* S.D. Tex. L.R. 7.4 ("Failure to respond will be taken as a representation of no opposition."). Accordingly, Mt. Olive's request for leave is GRANTED.

### IV. CONCLUSION

Based on the foregoing, Mt. Olive's motion to remand (Dkt. 8) is DENIED and Mt. Olive's claims against GCCS and Herring are DISMISSED WITHOUT PREJUDICE; Underwriters's motion for partial dismissal (Dkt. 7) is GRANTED, Mt. Olive's claims for fraud and misrepresentation are DISMISSED WITHOUT PREJUDICE, and Mt. Olive is GRANTED leave to amend its complaint within 30 days of the date of this order; and Underwriters's motion for leave to file a second amended answer and counterclaim (Dkt. 17) is GRANTED.

Signed at Houston, Texas on August 26, 2016.

_____
Gray H. Miller
United States District Judge

---

[2] In its response to the motion to dismiss, Mt. Olive requests leave to amend its petition to cure any pleading deficiencies. Dkt. 10 at 7. Underwriters do not appear to oppose Mt. Olive's request for leave.